Elizabeth Staggs-Wilson, Bar No. 183160
estaggs-wilson@littler.com
James Payer, Bar No. 292158
jpayer@littler.com
LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, California  90071
Telephone:  213.443.4300
Fax No.:    213.443.4299

Rod M. Fliegel, Bar No. 168289
rfliegel@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California  94104
Telephone:  415.433.1940
Facsimile:   415.399.8490

Attorneys for Defendants IRON MOUNTAIN SECURE
SHREDDING, INC., IRON MOUNTAIN MANAGEMENT
SERVICES, INC., IRON MOUNTAIN INCORPORATED,
IRON MOUNTAIN FULFILLMENT SERVICES, INC., IRON
MOUNTAIN INFORMATION MANAGEMENT SERVICES,
INC., IRON MOUNTAIN DATA CENTERS, LLC, IRON
MOUNTAIN INFORMATION MANAGEMENT, LLC, and
IRON MOUNTAIN DATA CENTERS SERVICES, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE MCKINNIE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>IRON MOUNTAIN SECURE SHREDDING, INC., a Delaware corporation; IRON MOUNTAIN MANAGEMENT SERVICES, INC., a Delaware corporation; IRON MOUNTAIN INCORPORATED, a Delaware corporation; IRON MOUNTAIN FULFILLMENT SERVICES, INC., a Delaware corporation; IRON MOUNTAIN INFORMATION MANAGEMENT SERVICES, INC. a Delaware corporation; | Case No. 2:21-cv-3501<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Complaint Filed:  February 18, 2019<br><br>(Los Angeles Superior Court) |

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

1

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IRON MOUNTAIN DATA CENTERS, LLC, a Delaware limited liability company; IRON MOUNTAIN INFORMATION MANAGEMENT, LLC, a Delaware limited liability company; IRON MOUNTAIN DATA CENTERS SERVICES, LLC, a Delaware limited liability company; and DOES 1 to 100, inclusive,

Defendants.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

2

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1
2 **TO THE CLERK OF THE COURT AND TO PLAINTIFF EDDIE MCKINNIE AND HIS ATTORNEYS OF RECORD:**

3
4
5
6
7
8
9
10 **PLEASE TAKE NOTICE** that Defendants Iron Mountain Secure Shredding, Inc., Iron Mountain Management Services, Inc.[1], Iron Mountain Incorporated, Iron Mountain Fulfillment Services, Inc., Iron Mountain Information Management Services, Inc., Iron Mountain Data Centers, LLC, Iron Mountain Information Management, LLC, and Iron Mountain Data Centers Services, LLC (together "Defendants") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

11
12 Removal is based on Diversity Jurisdiction, pursuant to 28 U.S.C. sections 1332, 1441, and 1446. The grounds for removal are as follows:

13 **I. STATEMENT OF JURISDICTION**

14
15
16
17
18 1. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a). It is an action that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446 because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

19 **II. VENUE**

20
21
22 2. This action was filed in the Superior Court of the State of California, County of Los Angeles. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2) and 1391(a).

23 **III. PLEADINGS, PROCESS, AND ORDERS**

24
25
26 3. On February 18, 2021, Plaintiff Eddie McKinnie ("Plaintiff") filed an unverified Complaint for Damages, entitled: *EDDIE MCKINNIE v. IRON MOUNTAIN SECURE SHREDDING, INC., et al.*, Case No. 21STCV06585 (hereinafter

27
28

---

[1] Defendant is not aware of any entity named Iron Mountain Management Services, Inc. and there is no such entity within the corporate structure of Iron Mountain Incorporated. Sheehan Decl., ¶13.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

3

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

"Complaint"). The Complaint asserts the following causes of action: (1) Disability Discrimination; (2) Failure to Accommodate; (3) Failure to Engage in the Interactive Process; (4) Retaliation In Violation of the California Fair Employment and Housing Act; (5) Violation of the California Family Rights Act; and (6) Wrongful Termination in Violation of Public Policy. A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A** to the Declaration of James Payer ("Payer Decl."). The Complaint is incorporated by reference in this Notice without admitting the allegations contained therein. Plaintiffs' prayer for relief includes prayers for:

    a. Damages according to proof, including loss of earnings, deferred compensation, and other employment benefits;

    b. Interest on the amount of losses incurred in loss of earnings, deferred compensation, and other employment benefits at the prevailing legal rate;

    c. General damages, including but not limited to, damages for physical injuries and/or physical sickness, according to proof;

    d. Special damages according to proof, including, but not limited to, reasonable medical expenses;

    e. Punitive damages according to proof;

    f. Reasonable attorney's fees and costs of suit;

    g. For such other such relief as the Court may deem just and proper.

*See* Compl., Prayer, ¶¶ 1-7.

1.    On February 18, 2021, Plaintiff also filed a Civil Case Cover Sheet and Addendum. Payer Decl., ¶3 at **Exhibit B.**

2.    On February 18, 2021, the Clerk of the Court issued a Notice of Case Assignment assigning the matter to the Honorable Terry Green in Department 14 at Stanley Mosk Courthouse. Payer Decl., ¶4 at **Exhibit C.**

3.    On February 19, 2021, the Clerk issued a Summons on the Complaint. Payer Decl., ¶5 at **Exhibit D.**

/ / /

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

4

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

4. On March 3, 2021, the Court issued a Notice of Case Management Conference for July 28, 2021 at 8:45 a.m. in Department 14. Payer Decl., ¶6 at **Exhibit E.**

5. On April 5, 2021, Plaintiff filed Proofs of Service reflecting service on each Defendant with copies of the Summons, Complaint, and all other ancillary documents. Payer Decl., ¶7 at **Exhibit F.**

6. On April 22, 2021, Defendants filed their Answer to the Complaint. Payer Decl., ¶8 at **Exhibit G.**

7. To Defendants' knowledge, no further processes, pleadings, or orders related to this case have been filed in Los Angeles County Superior Court or served by any party. Additionally, to Defendants' knowledge, no proceedings or future hearings related hereto have been heard in Los Angeles County Superior Court. Payer Decl., ¶9. The Attachment of Exhibits "A" through "G" satisfies the requirements of 28 U.S.C. section 1446(a). *See* Payer Decl., ¶¶2-8, Exhibts A-G.

## IV. INDIVIDUAL & DOE DEFENDANTS

8. No individual defendants are named in this action. Defendants are informed and believe that none of the Doe defendants in this case have been identified or served. As such, they need not join or consent to this Notice of Removal and are to be disregarded for the purpose of removal. 28 U.S.C. § 1441(a); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423 (9th Cir. 1984) (named defendants not yet served in state court action need not join in notice of removal).

## V. TIMELINESS OF REMOVAL

9. This Notice of Removal is timely. Under 28 U.S.C. section 1446(b)(1), a case may be removed to federal court within thirty (30) days after the initial pleading is served. Defendants were served with Plaintiff's Complaint on March 24, 2021 via personal service, which sets forth the claim for relief upon which such action or proceeding is based as provided under 28 U.S.C. § 1446(b)(1). Therefore, Defendant's removal of this action is timely.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

5

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

## VI.   DIVERSITY JURISDICTION

10.   This action is a civil action which this Court has original jurisdiction over under 28 U.S.C. sections 1332(a)(1) and 1332(c)(1) and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. sections 1441 and 1446. This Court has jurisdiction over this matter because complete diversity of citizenship exists between the parties, at the time that this action was filed and still exists, and the amount in controversy exceeds $75,000. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal.

### A.   Plaintiff Is A Citizen of California.

11.   Plaintiff is a citizen of the State of California. Citizenship of a natural person is established by domicile; a person's domicile is established by physical presence and intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile); *Sadeh v. Safeco Ins. Co.*, 2012 U.S. Dist. LEXIS 81454, at *4 (C.D. Cal. 2012) (same).

12.   Here, Plaintiff avers that he "is, and at relevant times was, an individual domiciled in the State of California and a citizen of the State of California …." *Compl.* ¶ 4. Therefore, Plaintiff is a citizen of California.

/ / /

/ / /

/ / /

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

6

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

**B.     Defendants Are Not Citizens of California.**

13.     **Defendant Iron Mountain Incorporated is a citizen of Massachusetts and Delaware:** For diversity purposes, citizenship of a corporation is determined based on the state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  The Supreme Court has explained that a corporation's principal place of business is determined under the "nerve center" test. *See Hertz Corp. v. Friend,* 599 U.S. 77, 80-81 (2010). Under the "nerve center" test, the principal place of business is the state where "a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* The Supreme Court further explained in *Hertz* that a corporation's nerve center "should normally be the place where the corporation maintains its headquarters" and that a corporation's nerve center is a "single place." *Id.* at 93.

14.     Here, Iron Mountain Incorporated was, at the time of the filing of this action, and currently is a corporation incorporated under the laws of the State of Delaware.     Declaration of Beth Sheehan ("Sheehan Decl."), ¶5, Exhibit A. Additionally, under the "nerve center" test, Iron Mountain Incorporated's principal place of business is in the state of Massachusetts.  *Id.* at ¶6.  Significant corporate, executive, administrative and operational functions are directed, controlled and coordinated at Iron Mountain Incorporated's corporate headquarters in Boston, Massachusetts.  *Id.*  Iron Mountain Incorporated's high-level corporate executives, including most of its executive management team, are based out of its Boston, Massachusetts offices.  *Id.*  These offices are where Iron Mountain Incorporated's centralized administrative functions and operations are based, and are the actual center of direction, control and coordination for its operations.  *Id.*

15.     Under the applicable standard, Iron Mountain Incorporated's principal place of business is indisputably located in Massachusetts. Therefore, it is a citizen of Delaware and Massachusetts, and is not now, nor was it at the time of the filing of the Complaint, a citizen of the State of California.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

16.     **Defendant Iron Mountain Secure Shredding, Inc. is a citizen of Massachusetts and Delaware:**  Iron Mountain Secure Shredding, Inc. was, at the time of the filing of this action, and currently is a corporation incorporated under the laws of the State of Delaware.  Sheehan Decl., ¶7, Exhibit B.  Additionally, under the "nerve center" test, Iron Mountain Secure Shredding, Inc.'s principal place of business is in the state of Massachusetts.  *Id*. at ¶8.  Significant corporate, executive, administrative and operational functions are directed, controlled and coordinated at Iron Mountain Secure Shredding, Inc.'s corporate headquarters in Boston, Massachusetts.  *Id*.  Iron Mountain Secure Shredding, Inc.'s high level corporate executives, including most of its executive management team, are based out of its Boston, Massachusetts offices.  *Id*.  These offices are where Iron Mountain Secure Shredding, Inc.'s centralized administrative functions and operations are based, and are the actual center of direction, control and coordination for its operations.  *Id*.

17.     Under the applicable standard, Iron Mountain Secure Shredding, Inc.'s principal place of business is indisputably located in Massachusetts. Therefore, it is a citizen of Delaware and Massachusetts, and is not now, nor was it at the time of the filing of the Complaint, a citizen of the State of California.

18.     **Defendant Iron Mountain Information Management Services, Inc. is a citizen of Massachusetts and Delaware:**  Iron Mountain Information Management Services, Inc. was, at the time of the filing of this action, and currently is a corporation incorporated under the laws of the State of Delaware.  Sheehan Decl., ¶9, Exhibit C. Additionally, under the "nerve center" test, Iron Mountain Information Management Services, Inc.'s principal place of business is in the state of Massachusetts.  *Id*. at ¶10. Significant corporate, executive, administrative and operational functions are directed, controlled and coordinated at Iron Mountain Information Management Services, Inc.'s corporate headquarters in Boston, Massachusetts.  *Id*.  Iron Mountain Information Management Services, Inc.'s high level corporate executives, including most of its executive management team, are based out of its Boston, Massachusetts offices.  *Id*.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

8

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

1    These offices are where Iron Mountain Information Management Services, Inc.'s
2    centralized administrative functions and operations are based, and are the actual center
3    of direction, control and coordination for its operations. *Id.*

4        19.    Under the applicable standard, Iron Mountain Information Management
5    Services, Inc.'s principal place of business is indisputably located in Massachusetts.
6    Therefore, it is a citizen of Delaware and Massachusetts, and is not now, nor was it at
7    the time of the filing of the Complaint, a citizen of the State of California.

8        20.    **Defendant Iron Mountain Fulfillment Services, Inc. is a citizen of**
9    **Massachusetts and Delaware:**  Iron Mountain Fulfillment Services, Inc. was, at the
10   time of the filing of this action, and currently is a corporation incorporated under the
11   laws of the State of Delaware.  Sheehan Decl., ¶11, Exhibit D.  Additionally, under the
12   "nerve center" test, Iron Mountain Fulfillment Services, Inc.'s principal place of
13   business is in the state of Massachusetts. *Id.* at ¶12.  Significant corporate, executive,
14   administrative and operational functions are directed, controlled and coordinated at Iron
15   Mountain Fulfillment Services, Inc.'s corporate headquarters in Boston, Massachusetts.
16   *Id.*  Iron Mountain Fulfillment Services, Inc.'s high level corporate executives,
17   including most of its executive management team, are based out of its Boston,
18   Massachusetts offices. *Id.*  These offices are where Iron Mountain Fulfillment Services,
19   Inc.'s centralized administrative functions and operations are based, and are the actual
20   center of direction, control and coordination for its operations. *Id.*

21       21.    Under the applicable standard, Iron Mountain Fulfillment Services, Inc.'s
22   principal place of business is indisputably located in Massachusetts. Therefore, it is a
23   citizen of Delaware and Massachusetts, and is not now, nor was it at the time of the
24   filing of the Complaint, a citizen of the State of California.

25       22.    **Defendant Iron Mountain Data Centers, LLC**: For diversity purposes,
26   citizenship of a limited liability company is determined based on the citizenship of each
27   member of the company.  See *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (9th Cir. 1998).
28   *Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006) 437 F.3d 894, 899.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

9

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

1    Here, Iron Mountain Incorporated was, at the time of the filing of this action, and
2    currently is the sole member of Iron Mountain Data Centers, LLC.  Sheehan Decl., ¶14.
3    Therefore, Defendant Iron Mountain Data Centers, LLC, like Iron Mountain
4    Incorporated, is a citizen of Delaware and Massachusetts and it is not now, nor was it
5    at the time of the filing of the Complaint, a citizen of the state of California.  *See supra*
6    ¶¶13-14.

7         23.    **Defendant Iron Mountain Information Management, LLC**: Iron
8    Mountain Incorporated was, at the time of the filing of this action, and currently is the
9    sole member of Iron Mountain Information Management, LLC.  Sheehan Decl., ¶15.
10   Therefore, Defendant Iron Mountain Information Management, LLC, like Iron
11   Mountain Incorporated, is a citizen of Delaware and Massachusetts and it is not now,
12   nor was it at the time of the filing of the Complaint, a citizen of the state of California.
13   *See supra* ¶¶13-14.

14        24.    **Defendant Iron Mountain Data Centers Services, LLC**: Iron Mountain
15   Data Centers, LLC was, at the time of the filing of this action, and currently is the sole
16   member of Iron Mountain Data Centers Services, LLC.  Sheehan Decl., ¶16.  Therefore,
17   Defendant Iron Mountain Data Centers Services, LLC, like Iron Mountain Data
18   Centers, LLC, is a citizen of Delaware and Massachusetts and it is not now, nor was it
19   at the time of the filing of the Complaint, a citizen of the state of California. *See supra*
20   ¶22.

21        25.    Defendants Iron Mountain Secure Shredding, Inc., Iron Mountain
22   Management Services, Inc., Iron Mountain Incorporated, Iron Mountain Fulfillment
23   Services, Inc., Iron Mountain Information Management Services, Inc., Iron Mountain
24   Data Centers, LLC, Iron Mountain Information Management, LLC, and Iron Mountain
25   Data Centers Services, LLC are not state officials or governmental entities. Sheehan
26   Decl., ¶3.

27        26.    Doe Defendants 1 to 100 are fictitious. The Complaint does not set forth
28   the identity or status of any said fictitious defendants, nor does it set forth any charging

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

10

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

allegations against any fictitious defendants. Pursuant to section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

27.    Based on the foregoing, diversity is established between Plaintiff and Defendants because Plaintiff and all Defendants are citizens of different states.

### C.    The Amount in Controversy Exceeds $75,000.

28.    Defendants need only show by a preponderance of the evidence (that it is more probable than not) that the amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a) that a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 551, 553. Defendants need only to plausibly allege that the amount in controversy exceeds $75,000. *Id*. ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). Here, it is apparent from the Complaint and its Prayer that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

29.    Plaintiff's Complaint does not specify the amount that he seeks to recover from Defendant in this action. Plaintiff's Complaint seeks damages, including loss of earnings, deferred compensation, and other employment benefits, general damages,

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

including but not limited to, damages for physical injuries and/or physical sickness, special damages including medical expenses, punitive damages, interest on the amount of losses incurred, and attorneys' fees and costs of suit. *See Prayer, ¶¶ 1-7*. The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

30.   Defendants deny the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, the amount in controversy as alleged by Plaintiffs exceeds the sum of $75,000.

31.   <u>Lost Earnings and Benefits.</u>  It is facially apparent from the Complaint that the alleged amount in controversy in this case more likely than not exceeds $75,000 based on Plaintiff's loss of earnings claim.  Plaintiff seeks recovery of economic losses, alleging that as a result of Defendant's conduct, he suffered a "substantial" loss in earnings and other employment benefits.  Complaint, ¶¶ 29, 37, 42, 48, 58, 65; Prayer, ¶ 1.

32.   Plaintiff was employed by Iron Mountain Secured Shredding, Inc. as a Driver.  Sheehan Decl., ¶18.  At the time of his termination on or about July 21, 2020, he was earning $20.57 an hour and was a full-time employee working approximately 40 hours a week. *Id*. Although Defendants deny Plaintiff is entitled to recover any damages, assuming *arguendo* Plaintiff was to recover alleged lost wages through the date of this removal, Plaintiff's lost earnings from July 21, 2020 to April 23, 2021 would equate to approximately $32,912.00 (40 weeks x $20.57 per hour x 40 hours per week). By the time of trial, Plaintiff's asserted backpay claim would easily exceed $75,000.

33.   In addition, front pay awards in California frequently span a number of

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

12

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

years.  *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97-98 (1976) (four years).  Even conservatively estimating that Plaintiff seeks front pay benefits for only one year, the amount of future income in controversy in this case would total at least an additional $42,786.00.  Accordingly, although Defendants deny Plaintiff is entitled to recover any damages, assuming *arguendo* Plaintiffs was to recover alleged lost wages through the date of this removal and front pay for one year, Plaintiff could recover approximately $75,698 (= $32,912.00 in back pay + $42,786.00 in front pay) in compensatory damages, exclusive of health and welfare benefits, which alone satisfies the amount in controversy requirement. *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n. 1 (E.D. Cal. June 1, 2007) (affirming both past and future lost wages should be considered); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (considering past and future wages in determining the amount in controversy).

34.  <u>Non-Economic Damages.</u> Here, Plaintiff alleges that, as a result of Defendants' alleged unlawful conduct, he has suffered "physical injuries, physical sickness, as well as emotional distress, plus medical expenses, [and] future medical expenses." *See, e.g.*, Compl. ¶¶ 29, 37, 42, 48, 58, 65, Prayer, ¶¶ 3,4*; see also Ajimatanrareje v. Metropolitan Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339 at 4 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy even when not clearly pled in the complaint."). In order to establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Vasquez v. Arvato Digital Services, LLC*, Case No. CV11-02836-RSWL(AJWx), 2011 WL2560261 (C.D. Cal. June 27, 2011). In the following cases, juries awarded plaintiffs in similar cases in excess of $75,000 in emotional distress damages alone.  In *Izaguirre v. International Coffee & Tea LLC*, Case No. BC486877, 2013 WL 6624243 (Sept. 26, 2013), the plaintiff claimed that she was terminated after she was injured and took time off work,

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

13

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

that her employer failed to engage in the interactive process, and that she was denied a reasonable accommodation, in violation of FEHA. The plaintiff was awarded **$100,000** in non-economic damages. In *Quiroz v. Ralphs Grocery Company*, Case No. BC453081, 2012 WL3745798 (June 20, 2012), the plaintiff claimed he was terminated after a knee injury for which he had to take time off work, that his employer failed to engage in the interactive process, and that he was denied a reasonable accommodation, in violation of FEHA. The plaintiff was awarded **$100,000** in non-economic damages. In *Balassa v. City of Los Angeles*, Case No. BC386440, 2010 WL 2696950 (Apr. 19, 2010), the plaintiff claimed he was subjected to discrimination and harassment because of his disability, that he suffered a heart attack while under stress at work, and that he was denied a reasonable accommodation. The plaintiff was awarded **$150,000** in non-economic damages.

35.     In *Kroske v. U.S. Bank Corporation*, 432. F.3d 975 (9th Cir. 2005), the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Based on Plaintiffs' allegations of severe mental anguish due to Defendant's alleged conduct, it can be reasonably ascertained that the amount in controversy on Plaintiffs' claim for emotional distress damages is, at a minimum, equal to or greater than the conservative estimate of $25,000 from *Kroske*.

36.     <u>Punitive Damages.</u>  Plaintiff also seek an award of punitive damages.  *See, e.g.*, Compl. ¶¶ 30, 38, 43, 49, 59, 66; Prayer ¶5. Punitive damages are included in calculating the amount in controversy.  *Davenport v. Mut. Ben. Health & Acci. Assoc.*, 325 F.2d 785, 787 (9th Cir. 1963). To establish the amount of punitive damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *Vasquez, supra*, 2011 WL2560261 (C.D. Cal. June 27, 2011). In the following cases, juries awarded more than **$50,000** in punitive damages.  In *Amigon v.*

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

14

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

*Cobe Color Cosmetics*, Case No. BC378685, 2009 WL7497138 (Apr. 15, 2009), the plaintiff claimed she was terminated for taking a medical leave, that her employer failed to engage in the interactive process, and that she was denied a reasonable accommodation, in violation of FEHA. The plaintiff was awarded **$52,000** in punitive damages. In *Saadati v. Longs Drug Stores,* Case No. BC341932, 2009 WL807640 (Mar. 30, 2009), the plaintiff claimed that she was discriminated against on account of an injury and that her employer did not reasonably accommodate her, in violation of FEHA.  The plaintiff was awarded **$64,800** in punitive damages.

37.    <u>Attorneys' Fees.</u> Plaintiff seeks reasonable attorneys' fees for his claims in their Complaint, which must also be considered in determining whether the jurisdictional limit is met. *See, e.g.*, Compl., Prayer ¶6. "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)).  In recent years, courts in this district have valued claims for attorney's fees in employment discrimination cases at **$30,000** for purposes of determining the amount in controversy at the time of removal.  *Ponce v. Medical Eyeglass Center, Inc.*, Case No. 2:15-CV-04035-CAS(JEMx), 2015 WL4554336 * 4 (C.D. Cal. Jul. 27, 2015) (citing *Garcia v. ACE Cash Express, Inc.*, Case No. SACV14-0285-DOC(RNBx), 2014 WL2468344 * 5 (C.D. Cal. May 30, 2014)).

38.    <u>Other Relief.</u> Plaintiff's Complaint also seeks "such other and further relief as the Court may deem just and proper." *Compl., Prayer, ¶5*. Although uncertain in amount, this open-ended relief sought by Plaintiffs only serves to increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-43 (W.D. Tenn. 2004) (the "open-ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that his case met the amount in controversy requirement even

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

15

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

1   though he pled in the complaint that he did not assert a claim in excess of $75,000.)

2   39.   Based on the foregoing, the amount in controversy well exceeds $75,000.

3   Therefore, Defendants have met their burden of establishing by a preponderance of the

4   evidence that the amount in controversy exceeds the jurisdictional minimum of

5   $75,000.

6   **VII.   NOTICE TO PLAINTIFFS AND STATE COURT**

7   40.   Immediately following the filing of this Notice of Removal in the United

8   States District Court for the Central District of California, Western Division,

9   Defendants will arrange for notice of such filing to be given by the undersigned to

10  Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with

11  the Clerk of the Los Angeles County Superior Court. Payer Decl., ¶10.

12  WHEREFORE, having provided notice as required by law, the above-entitled

13  action should be removed from the Los Angeles County Superior Court to this

14  honorable District Court.

15

16  Dated:   April 23, 2021

17                                          LITTLER MENDELSON P.C.

18

19                                          /s/ *James Payer*
                                            Elizabeth Staggs-Wilson
20                                          Rod Fliegel
                                            James Payer
21                                          Attorneys for Defendants IRON
                                            MOUNTAIN SECURE SHREDDING,
22                                          INC., IRON MOUNTAIN
                                            MANAGEMENT SERVICES, INC.,
23                                          IRON MOUNTAIN INCORPORATED,
                                            IRON MOUNTAIN FULFILLMENT
24                                          SERVICES, INC., IRON MOUNTAIN
                                            INFORMATION MANAGEMENT
25                                          SERVICES, INC., IRON MOUNTAIN
                                            DATA CENTERS, LLC, IRON
26                                          MOUNTAIN INFORMATION
                                            MANAGEMENT, LLC, and IRON
27                                          MOUNTAIN DATA CENTERS
                                            SERVICES, LLC

28

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

16                          DEFENDANTS' NOTICE OF REMOVAL OF
                            CIVIL ACTION TO FEDERAL COURT